IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TKC AEROSPACE, INC., ) <br> ) <br> *Appellant*, ) <br> ) <br> v. ) <br> ) <br> CHARLES TAYLOR MUHS, ) <br> ) <br> *Appellee*. ) <br> ) | Civil Action No. 1:17-cv-00372 |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Virginia. Appellant assigns error to the bankruptcy court's denial of Appellant's motion for judgment on the papers. That denial was based on the bankruptcy court's finding that collateral estoppel did not apply to a district court's grant of summary judgment that led to the final judgment at issue before the court. For the reasons stated below, the Court finds that collateral estoppel applies. Accordingly, the decision of the Bankruptcy Court for the Eastern District of Virginia is **REVERSED** and **REMANDED** for further disposition consistent with this opinion.

## I. BACKGROUND

In September 2011, TKC Aerospace, Inc. (TKC) sued Charles Taylor Muhs, a former employee, in United States District Court in the District of Alaska (the Alaska case) for theft of trade secrets. Appellant Br. 4. In October 2011, TKC sued Phoenix Heliparts, Inc. (PHP) in the Superior Court of Arizona for Maricopa County (the Arizona case), based on Muhs' provision of

1

those trade secrets to PHP, his new employer. *Id.* at 5. Muhs moved for and was granted a stay in the Alaska case until the Arizona case was resolved, asserting that the cases raised the same factual and legal issues, claims, and prayers for relief, and would ultimately collaterally estop the Alaska case. *Id.*

The Arizona case resolved in favor of TKC, with the court finding that PHP had willfully and maliciously misappropriated TKC's trade secrets through Muhs. *Id.* at 6. The Arizona case resolved, the district court in Alaska found that Muhs was equitably estopped from denying the preclusive effect of the Arizona case because of his assertions in his motion to stay. Consequently, the court found Muhs collaterally estopped from re-litigating the Arizona case, granted summary judgment for TKC, and entered a judgment against Muhs in the amount of $20,726,198.35, a figure that included exemplary damages. *Id.* Specifically, the district court found Muhs liable for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, tortious interference with prospective economic benefits, and violation of the Alaska Uniform Trade Secrets Act. Appellant Br. Ex. E, at 17. The court dismissed counts for unjust enrichment and common-law fraud. *Id.*

Importantly, by applying collateral estoppel to the Alaska case, the district court adopted the findings of the Superior Court of Arizona. Appellant Br. Ex. E, at 15. These included findings that Muhs committed conversion by stealing TKC confidential documents and uploading them to PHP servers, and that the trade secret theft clearly and convincingly rose to the level of "willful and malicious" under the Uniform Trade Secret Act, justifying an award of exemplary damages. Appellant Br. Ex. F.

Shortly after the district court entered the judgment against Muhs, Muhs filed for Chapter

7 bankruptcy protection and attempted to discharge the judgment. TKC timely filed an adversary complaint against Muhs to preclude discharge of the judgment, arguing that 11 U.S.C. § 523 bars discharge of a judgment that resulted from a) fraud, b) breach of fiduciary duty, or c) willful and malicious conduct. Appellant Br. Ex. A. TKC moved for judgment on the pleadings/summary judgment on the basis that Muhs is collaterally estopped from re-litigating the facts underlying the judgment and that the findings of the District Court for the District of Alaska settle the question of whether the judgment stemmed from conduct barring discharge under 11 U.S.C. § 523. Appellant Br. Ex. I.

In his response to the Motion for Summary Judgment, Muhs attacked the performance of his counsel in the Arizona case and the application of collateral estoppel by the district court, arguing that the district court erred in estopping Muhs from re-litigating issues settled by the Arizona case. Appelllant Br. Ex. J. Muhs also denied that any of the bars enumerated in 11 U.S.C. § 523 were applicable. *Id.*

On March 9, 2017, the bankruptcy court held a hearing on TKC's Motion for Judgment on the Pleadings/Summary Judgment. The court denied the motion. In ruling from the bench, the Court stated:

> . . . [T]his is a Court of equity, so I am going to use my power to apply equitable estoppel in this case in order for a trial to go on. I'm not saying that Mr. Muhs has a prayer of winning. What I am saying is that it is clear by the judgment in the Arizona Court that Mr. Muhs's attorney was not working in the best interests from time to time of either of its clients, PHP or Mr. Muhs. I think that there are facts that are in dispute here, and they cannot be addressed at this stage on a Summary Judgment motion, so I think we should just proceed as though we're going to have a trial. . . I think that there definitely are some disputed facts, and I want to know what they are.

Appellant Br. Ex. C, at 96-97. The court subsequently issued a written order denying summary judgment, citing to the reasons stated in the record. Appellant Br. Ex. D.

3

TKC has timely appealed the bankruptcy court's denial to this Court. The appeal is proper under 28 U.S.C. §§ 158(a)(3) and (c)(1) and Rules 8002 and 8004 of the Federal Rules of Bankruptcy Procedure.

## II. STANDARD OF REVIEW

Bankruptcy courts' legal conclusions are reviewed *de novo* and findings of fact are reviewed for clear error. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). Application of collateral estoppel is a question of law. *L&R Assocs. v. Curtis*, 194 B.R. 407, 409 (E.D. Va. 1996); *see also Reliance Ins. Co. v. Miller*, 144 Fed. Appx. 966, 973 (4th Cir. 2005).

## III. DISCUSSION

The bankruptcy court was presented with two questions – first, whether a judgment rendered in the District of Alaska met the collateral estoppel rules so as to bar Appellee's attempt to re-litigate the same issues, and second, whether that judgment met the criteria enumerated in 11 U.S.C. § 523 to bar discharge. The bankruptcy court, by holding that the Alaska case did not preclude re-litigation, never reached the second question. For the reasons set forth below, this holding was in error and the case is now remanded for the bankruptcy court to narrowly consider whether the findings of fact foundational to the judgment in the Alaska case fit the criteria in 11 U.S.C. § 523 so as to bar the discharge of the judgment.

As a matter of law, it was improper for the bankruptcy court to look behind the Alaska case and opine on whether the Arizona case should have had a preclusive effect on the outcome of the Alaska case. That question was not before the bankruptcy court and was not an

4

unanswered question - the district court in the Alaska case had already conducted that collateral estoppel analysis and found that the Arizona case precluded re-litigation. Before the bankruptcy court was the narrow question of whether the Alaska case had preclusive effect on the discharge proceeding. A bankruptcy court's collateral estoppel analysis must apply the estoppel rules of the state in which the earlier judgment was rendered – here, Alaska. *See In re Duncan*, 448 F.3d 725, 728 (4th Cir. 2006). Alaska's collateral estoppel rules give preclusive effect to final judgments on the merits where the precluded issue is essential to the final judgment and is identical to the issue in the action at bar. *Stewart v. Elliott*, 239 P.3d 1236, 1241-42 (Alaska 2010). The party against whom the issue is being asserted must have been a party to or in privity with a party to the earlier action. *Id.* at 1240.

Bankruptcy law bars the discharge of judgments that arise from defalcation in breach of fiduciary duty or from willful and malicious conduct against the person or property of another. 11 U.S.C. § 523 (2010). Defalcation in breach of fiduciary duty occurs when a fiduciary appropriates company property to his benefit. *See United Va. Bank v. Fussell*, 15 B.R. 1016, 1020 (E.D. Va. 1981). Willful and malicious conduct against the person or property of another is established where the claim that gave rise to the judgment establishes "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Duncan*, 448 F.3d at 729 (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)). Where a judgment required a finding of willful and malicious conduct, that is sufficient under 11 U.S.C. § 523(a)(4) to bar discharge. *See Duncan*, 448 F.3d at 728.

Applying the facts at hand to Alaska's collateral estoppel framework, Muhs was the defendant in the Alaska case, mooting the question of privity. The district court's decision, a grant of summary judgment, was a final judgment on the merits. *See, e.g. Lyman v. State*, 824

P.2d 703, 705 (Alaska 1992) (holding that summary judgment was a final judgment on the merits, even while pending appeal). The question of whether Muhs defalcated in breach of a fiduciary duty and/or engaged in willful and malicious conduct was essential to that judgment, since the district court found Muhs liable, *inter alia*, for breach of fiduciary duty (Count III of the suit) and for violating the Alaska Uniform Trade Secrets Act (Count VII of the suit) with an award of exemplary damages. *See* Pet. Br. Ex. E, 18; *see also*, ALASKA STAT. ANN. § 45.50.915(b) (West 2017) (exemplary damages only available for violations of the Alaska Trade Secrets Act where defendant engaged in willful and malicious misappropriation of trade secrets). Finally, the issues are identical, since judgments resulting from defalcations by a fiduciary and willful and malicious injury against another are barred from discharge in a bankruptcy proceeding. *See* 11 U.S.C. § 523 (2010).

By inquiring into the preclusive effect of the Arizona case, the bankruptcy court substituted its fact finding and judgment for those of the District Court of the District of Alaska. In peering behind the Alaska judgment, the bankruptcy court engaged in an improper and apparently *de novo* review of the district court's conclusive findings. The proper avenue for review of the district court's analysis would be through direct appeal to the Ninth Circuit, not through a collateral attack via a bankruptcy court. The bankruptcy court is bound to recognize that the preclusive effect of the Arizona case had already been decided and that the only issue before the court was the preclusive effect of the Alaska case. With such a properly narrowed focus, the court should have engaged in the equitable estoppel analysis under Alaska law – an analysis for which no additional facts are required. The court treated the judgment of the District Court for the District of Alaska as an advisory opinion. *Cf.* Appellant Br. Ex. C, at 37 (the Bankruptcy Court questioning the performance of Muhs' counsel in the Arizona case) with

6

Appellant Br. Ex. E, at 12-13 (the District Court for the District of Alaska rejecting Muhs' arguments on the same point).

Rationalizing this review of the preclusive effect of the Arizona case, the bankruptcy court then cited to the doctrine of equitable estoppel. Equitable estoppel will bind a party where (1) that party had actual or constructive knowledge of the truth of a matter; (2) that party misrepresented or concealed material facts to another party; (3) that party intended or expected the other party to rely upon those misrepresentations or concealments; (4) that the other party did so act; and (5) that the other party's reliance was both reasonable and detrimental. *Sari v. America's Home Place, Inc.*, 129 F. Supp. 3d 317, 328 (E.D. Va. 2015). The Court finds no legal or factual foundation in the record for applying equitable estoppel to bar the application of collateral estoppel. The only equitable estoppel properly raised in this case was where the District Court for the District of Alaska found Muhs equitably estopped from both moving for a stay on the grounds that the Arizona case would settle all the issues in the Alaska case and then denying the preclusive effect of the Arizona case after it resolved in TKC's favor. *See* Appellant Br. 22-24; Appellant Br. Ex. E, at 12-14.

Appellee concedes the bankruptcy court's reference to equitable estoppel is unclear. *See* Appellee Br. 8 (reasoning, "whether the Bankruptcy Court used the correct term for its decision, equitable estoppel, instead of judicial estoppel, or the Court's broad equitable power under 11 U.S.C. 105(a), or whether the Court was referring to the necessary element of privity which must be proven before for the application of collateral estoppel, the result was based..."). However, a bankruptcy court's equitable powers are limited. *See Educ. Credit Mgmt. Corp. v. Pulley*, 532 B.R. 12, 26 (E.D. Va. 2015) (finding that "the contours of [a bankruptcy court's] decision are confined to the provisions of the Bankruptcy Code and related jurisprudence"); *Law v. Siegel*,

134 S. Ct. 1188, 1197 (2014) ("Equitable considerations [do not] permit a bankruptcy court to contravene express provisions of the Code."); *see also Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988) ("[W]hatever equitable powers remain in the bankruptcy court must and can only be exercised within the confines of the Bankruptcy Code.").

## IV. CONCLUSION

The Court finds that the doctrine of collateral estoppel bars re-litigation of the facts in the Alaska case. Accordingly, the decision of the United States Bankruptcy Court for the Eastern District of Virginia is **REVERSED**. As the bankruptcy court never reached an analysis of whether the Alaska court's findings implicate the statutory discharge bars in 11 U.S.C. § 523, the Court **REMANDS** the case to the bankruptcy court for further proceedings consistent with this opinion and the opinion of the District Court for the District of Alaska in rendering its final judgment in the estopping matter, including findings in the Arizona case that the district court necessarily adopted in rendering its judgment.

It is so **ORDERED**.

October \_\_, 2017
Alexandria, Virginia

Liam O'Grady
United States District Judge